UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TONY CURTIS BARRINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  09-2397 (ESH) |
| | ) | |
| ROBERT GIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff brings this action against Robert Gibbs, who is the White House Press Secretary. In its entirety, the complaint states:

> Nov[.] 30, 2009 – Communicating Threats
> I have money in that is owed to me.  They are refusing[.]
> Robert Gibb[s] said, "they will kill me for that amount of money[.]:
> Robert Gibb[s] said[,] "we should hake him out and shoot him[.]"
> Robert Gibb[s] said[,] "we will give him his money and shoot him later[.]  []We hate this guy[.]"

Compl. at 1.  Plaintiff demands judgment in his favor and an award of damages. *See id.* Defendant moves to dismiss the complaint on the ground that it is frivolous or that it "fails to meet the plausibility standard articulated in *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009)." Mot. to Dismiss ¶ 2.

The court must dismiss a case "at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief can be granted[.]"  28 U.S.C. § 1915(d)(2)(B).  This provision "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984) (finding that a complaint may be dismissed as frivolous when it lacks "an arguable basis in law and fact"). "[C]laims describing fantastic and delusional scenarios" fall into the category of cases whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. at 328. The trial court has the discretion to decide whether a complaint is frivolous, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and such finding is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*; *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (a complaint must be dismissed on jurisdictional grounds when it "is patently insubstantial").

      The court is mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than is applied to a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having carefully reviewed plaintiff's complaint and his response to defendants' motion, it appears that its few factual contentions are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(*i*). An Order consistent with this Memorandum Opinion is issued separately.

                                        /s/
                            ELLEN SEGAL HUVELLE
Date: February 2, 2010              United States District Judge